**NOT FOR PUBLICATION**



**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MARIO DONTA GAULDIN,** | No. 14-56863 |
| Petitioner-Appellant, | D.C. No. 3:12-cv-00791-LAB-RBB |
| v. | |
| **MATTHEW CATE,** | **MEMORANDUM**[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 9, 2017[**]
Pasadena, California

Before: **KOZINSKI** and **WATFORD**, Circuit Judges, and **BENNETT**,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

**1.** Assuming that Gauldin's Confrontation Clause claim isn't procedurally defaulted, habeas relief is unwarranted because the state court's adjudication of this claim wasn't "contrary to, or involved an unreasonable application of" <u>Melendez-Diaz</u> v. <u>Massachusetts</u>, 557 U.S. 305 (2009), the "clearly established Federal law" at the time of the state court's decision. 28 U.S.C. § 2254(d)(1). Patrick O'Donnell, the supervisor that signed and approved the DNA report, testified at trial. Gauldin had a chance to cross-examine O'Donnell about any perceived inadequacies in the report.

**2.** Gauldin argues that we shouldn't defer to the state court under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because there is no reasoned state court decision rejecting his Confrontation Clause claim on the merits. But Gauldin's claim was rejected by the California Superior Court on October 26, 2009. The court found that Gauldin "ha[d] not submitted any evidence to support his claim that DNA testimony was admitted through the use of affidavit testimony and that he was denied the right to properly cross exam on this issue." AEDPA applies.

**3.** The magistrate judge and the district court erred in determining that the DNA report wasn't entered into evidence. The DNA report was clearly

admitted as evidence at trial. But admitting the DNA report didn't violate Gauldin's rights under the Confrontation Clause because he had an opportunity to cross-examine O'Donnell about the validity of the report. See Bullcoming v. New Mexico, 564 U.S. 647, 672 (2011) (Sotomayor, J., concurring) (explaining that the Court's holding that forensic lab reports can't be admitted through the testimony of a "surrogate" analyst didn't extend to a situation where the surrogate was "a supervisor, reviewer, or someone else with a personal, albeit limited, connection to the scientific test at issue").

4.    Even if we were to find a constitutional violation, any error would be harmless. In light of the extensive body of evidence supporting Gauldin's conviction we can't say that any constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (citation omitted).

**AFFIRMED.**